## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CHAIM DOV PRZEWOZMAN, THE ESTATE OF PINCHES MENACHEM PRZEWOZMAN, HADASSAH PRZEWOZMAN,** individually and as parent and natural guardian of Y.P., a minor and P.P., a minor, **CHAYA RACHEL PRZEWOZMAN** individually and as parent and natural guardian of A.M.P., a minor and F.P., a minor, **SARA PRZEWOZMAN-ROZENBAUM, YAFA PRZEWOZMAN, TZVI YOSEF PRZEWOZMAN** | **CIVIL ACTION NO.: 1:19-cv-02601** |
| **Plaintiffs** | |
| **v.** | |
| **THE ISLAMIC REPUBLIC OF IRAN THE IRANIAN MINISTRY OF INFORMATION AND SECURITY, THE ISLAMIC REVOLUTIONARY GUARD CORPS** | |
| **Defendants.** | |

### AMENDED COMPLAINT

Plaintiffs by their counsel, file this civil action for wrongful death, personal injury and related torts pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § 1605A and related statutes. The lawsuit is brought to recover for damages suffered as a result of the May 5, 2019 TERRORIST ATTACK sponsored by THE ISLAMIC REPUBLIC OF IRAN and the additionally named defendants. With support from the named defendants, the PALESTINIAN

ISLAMIC JIHAD and HAMAS terrorist groups launched over 600 rockets and mortars at Israelis from their positions in Gaza on Sunday, May 5, 2019.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter and over the Defendants pursuant to 28 U.S.C. § 1330, 1331, 1332(a)(2), 1605A(c)(1), 1605A(a)(4) and 18 U.S.C. §2331 *et seq*., and pursuant to the rules of supplemental jurisdiction.

2. The TERRORIST ATTACK on Ashdod, Israel that occurred on May 5, 2019 was carried out by HAMAS and the PALESTINE ISLAMIC JIHAD using material support and resources from The ISLAMIC REPUBILC OF IRAN ("IRAN") and the additional named defendants.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

4. The causes of action contained and enumerated herein in this Amended Complaint are based upon the following sources of law:

   a. a federal private right of action 28 U.S.C. § 1605A(c), which is available both to US national and non-US national Plaintiffs and wherever the common or statutory law of a Plaintiff's residence contains rights or makes further damages available that are not duplicative of the recovery afforded under 28 U.S.C. § 1605A(c) as Plaintiffs with causes of action under the common or statutory law of the US state or foreign country where they were domiciled at the time of the attack;

   b. to the extent that Plaintiff does not possess a cause of action under 28 U.S.C. § 1605A, the common and statutory laws of the District of Columbia or Israel for wrongful death, solatium, loss of consortium, assault and battery, intentional infliction of emotional distress and survival, whether statutory or common law.

## PARTIES

5.      Plaintiff, CHAIM DOV PRZEWOZMAN, is a citizen of United States and is the father of the late PINCHES MENACHEM PRZEWOZMAN, who was killed as a result of the May 5, 2019 TERRORIST ATTACK.  Plaintiff brings this action in his own right for loss of consortium and intentional infliction of emotional distress.  In addition, CHAIM DOV PRZEWOZMAN also brings this action for the wrongful death of his son in his capacity as representative of the ESTATE OF PINCHES MENACHEM PRZEWOZMAN.

6.      Plaintiff, HADASSAH PRZEWOZMAN, is a citizen of Israel and wife of the deceased PINCHES MENACHEM PRZEWOZMAN.  Plaintiff brings this action for loss of consortium and intentional infliction of emotional distress.

7.      Plaintiff, Y.P. is a citizen of Israel and the son of the deceased PINCHES MENACHEM PRZEWOZMAN.  Plaintiff brings this action for loss of consortium and intentional infliction of emotional distress.  Plaintiff is a minor child under the care and natural guardianship of his mother HADASSAH PRZEWOZMAN.

8.      Plaintiff, P.P. is a citizen of Israel and the son of the deceased PINCHES MENACHEM PRZEWOZMAN.  Plaintiff brings this action for loss of consortium and intentional infliction of emotional distress.  Plaintiff is a minor child under the care and natural guardianship of his mother HADASSAH PRZEWOZMAN.

9.      Plaintiff, CHAYA RACHEL PRZEWOZMAN is a citizen of Israel and the mother of the deceased PINCHES MENACHEM PRZEWOZMAN.  Plaintiff brings this action for loss of consortium and intentional infliction of emotional distress.

10.      Plaintiff, A.M.P. is a citizen of the United States and the brother of the deceased PINCHES MENACHEM PRZEWOZMAN.  Plaintiff brings this action for loss of consortium and

intentional infliction of emotional distress.  Plaintiff is a minor child under the care and natural guardianship of his parents CHAIM DOV PRZEWOZMAN and CHAYA RACHEL PRZEWOMAN.

11.     Plaintiff, F.P. is a citizen of the United States and the sister of the deceased PINCHES MENACHEM PRZEWOZMAN.  Plaintiff brings this action for loss of consortium and intentional infliction of emotional distress.  Plaintiff is a minor child under the care and natural guardianship of her parents CHAIM DOV PRZEWOZMAN and CHAYA RACHEL PRZEWOMAN.

12.     Plaintiff, SARA PRZEWOZMAN-ROZENBAUM is a citizen of Israel and the sister of the deceased PINCHES MENACHEM PRZEWOZMAN.  Plaintiff brings this action for loss of consortium and intentional infliction of emotional distress.

13.     Plaintiff, YAFA PRZEWOZMAN is a citizen of the United States and the sister of the deceased PINCHES MENACHEM PRZEWOZMAN.  Plaintiff brings this action for loss of consortium and intentional infliction of emotional distress.

14.     Plaintiff, TZVI YOSEF PRZEWOZMAN is a citizen of the United States and the brother of the deceased PINCHES MENACHEM PRZEWOZMAN.  Plaintiff brings this action for loss of consortium and intentional infliction of emotional distress.

15.     Defendant, THE ISLAMIC REPUBLIC OF IRAN ("IRAN"), is a foreign state within the meaning of 28 U.S.C. §1391(f) and 1603(a).

16.     Defendant, IRAN, has been designated as a foreign state that sponsors terrorism within the meaning of 28 U.S.C. § 1605A and the Export Administration Act of 1979, 50 U.S.C. App. § 2405(j), and the Foreign Assistance Act of 1961, 22 U.S.C. §2371.

–4–

17.     IRAN, through its officials, officers, agents and employees including the Ministry of Foreign Affairs, the Iranian Ministry of Information and Security, and Islamic Revolutionary Guard Corps, provided material support and resources for the commission of acts of extrajudicial killing within the meaning of 28 U.S.C. §1605A, including the TERRORIST ATTACK, and performed other actions that caused the TERRORIST ATTACK and harm to the Plaintiffs herein.

18.     Defendant, the IRANIAN MINISTRY OF INFORMATION AND SECURITY ("MOIS") is a political subdivision and/or agency of Defendant, IRAN.  Its activities at the time of this occurrence included the support of terrorist activities directed against foreign targets by terrorist groups operating with cover of IRAN.

19.     Defendant, the ISLAMIC REVOLUTIONARY GUARD CORPS ("IRGC") by and through its Quds Force ("QUDS") is an agency of the Defendant, IRAN, responsible for providing the military and intelligence services through which IRAN trained, supported and otherwise guided and direct the terrorist organizations responsible for causing Plaintiffs' injuries as described hereinafter. As of June 29, 2005, QUDS was designed as a Specially Designated Global Terrorist under Executive Order 13382 and as of April 15, 2019, IRGC was designated a Foreign Terrorist Organization by the U.S. State Department pursuant to section 219 of the Immigration and Nationality Act (INA).

## FACTS

## STATEMENT OF FACTS

### HAMAS

20.     HAMAS, also known as *Ḥarakat al-Muqāwamah al-Islāmiyyah Islamic Resistance Movement,* is a fundamental Islamic organization that stresses "jihad" and the destruction of Israel.

The United States – Department of State listed HAMAS on October 8, 1997 as a Foreign Terrorist Organization under section 219 of the Immigration and Nationality Act.

21.     Founded in the 1980s, HAMAS aims to create an Islamic state in all of the territory it considers to be Palestine.  The immediate means to achieve this goal is the escalation of the armed struggle, and ultimately jihad, with the participation not only of Palestinian Muslims but of the entire Islamic world.  Today, HAMAS is intimately tied to the Islamic regimes in Syria and IRAN.  The main financial sponsor of HAMAS is IRAN.

**IRAN'S PROVISION OF MATERIAL SUPPORT AND RESOURCES TO HAMAS**

22.     In late September 2017, it was reported that IRAN provided $70 million to the group, making it, according to HAMAS Prime Minister Yahya Sinwar, "the largest backer financially and militarily" of the organization's military wing.[1]

23.     Furthermore, in May 2018, Sinwar said HAMAS improved its military capability with the help of IRAN and described relations with IRAN's IRGC and the commander of its elite QUDS Force, Qasem Soleimani, as "strong and warm." He added that IRAN has provided HAMAS's Izz Al-Din Al-Qassam Brigades and other Gaza factions "a lot of money, equipment, and expertise." He further stated that his organization had "excellent" relations with Hezbollah and that there is coordination on an "almost daily" basis between the two organizations. *Id.*

24.     In July 2018, Iranian General Gholamhossein Gheybparvar of the Islamic Revolutionary Guards told terror groups in Gaza that IRAN will provide money and weapons so long as they are committed to the jihad against Israel and the United States. *Id.*

25.     HAMAS has approximately 5,000-6,000 rockets and missiles.  These include:

---

[1] https://www.jewishvirtuallibrary.org/background-and-overview-of-hamas and
https://www.timesofisrael.com/hamas-leader-thanks-iran-for-long-range-rockets-threatens-tel-aviv/

A.  M-75 - A rocket with limited accuracy and a range of less than 50 miles, but still capable of reaching Jerusalem and Tel Aviv.

B.  Grad is a Soviet-designed short to mid-range rocket with a range of about 25 miles.

C.  WS-1E - An upgraded version of the Grad with a similar range.

D.  J-80 - A long-range rocket manufactured by HAMAS with a range of roughly 60 miles that can reach the Tel Aviv area, the southern Sharon region and Jerusalem.

E.  EQassam – A locally produced rocket made of metal pipe packed with explosives. It has little accuracy or explosive power and a range of about six miles.

F.  Fajr – An Iranian-made rocket with greater explosive power and accuracy than most of the arsenal and a range of nearly50 miles. *Id.*

G.  M-302 (Khaibar) – A Syrian-made rocket that IRAN supplies to HAMAS with a maximum range of 125 miles.

H.  R-160 - A long-range rocket produced by HAMAS with a range of approximately 100 miles.

I.  Sejjil-55 - A rocket with a maximum range of about 35 miles. *Id.*

26.  With assistance from IRAN and the other named Defendants, HAMAS has organized, planned, and executed acts of violence and terrorism against civilians in Israel, Gaza and the West Bank.  In recent years, HAMAS has carried out scores of terrorist attacks and has killed civilians through bombing and rocket attacks.

## ISLAMIC JIHAD MOVEMENT IN PALESTINE

27.     The Islamic Jihad Movement in Palestine (*Harakat al-Jihād al-Islāmi fi Filastīn*) commonly referred to as simply Palestinian Islamic Jihad ("PIJ") was formed in the Gaza Strip during the 1970s.  PIJ's goal is the creation of an Islamic state in the territory of Israel, the West Bank and the Gaza Strip, and the destruction of the State of Israel and the murder or expulsion of its Jewish residents.  PIJ seeks to achieve this goal by carrying out terrorist attacks against Israeli targets.

28.     Over the past 20 years, numerous United States citizens have been murdered or injured in terrorist attacks carried out by PIJ in Israel, the West Bank and the Gaza Strip.

29.     PIJ has been designed by the United States as a Foreign Terrorist Organization continuously since 1997 and as a Specially Designated Global Terrorist continuously since 2001.

## IRAN'S PROVISION OF MATERIAL SUPPORT AND RESOURCES TO PIJ

30.     Since 1984 until the present time, defendant IRAN has been continuously designated by the United States Department of State as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. §2405(j)).

31.     During the period relevant hereto, including the several year period immediately preceding the TERRORIST ATTACK on May 5, 2019, defendants provided PIJ with massive financial support with the specific intention of causing and facilitating the commission of acts of extrajudicial killing and international terrorism including the TERRORIST ATTACK.  Such financial support was provided continuously, routinely and in furtherance and as implementation

of a specific policy and practice established and maintained by IRAN, in order to assist PIJ achieve goals shared by IRAN.  These goals included terrorizing the Jewish civilian population in Israel, and weakening Israel's economy, social fabric, and military strength and preparedness.

32.    The Iranian defendants provided this financial support to PIJ pursuant to an agreement reached between IRAN and PIJ in the 1980s which remains in force until today.  Under that agreement, PIJ undertook to carry out acts of extrajudicial killing and terrorism against Jews in Israel, the West Bank and Gaza, and in return IRAN undertook to provide PIJ with financial support to carry out such extrajudicial killings and terrorist attacks.

### THE TERRORIST ATTACK ("TERRORIST ATTACK")

33.    As reported by the Israel Ministry of Affairs, on Sunday, May 5, 2019 at around 6:00 pm, HAMAS and PIJ terrorist groups launched over 600 rockets and mortars at Israelis from Gaza.[2]

34.    Schools were shut throughout the southern portion of Israel as children continued to run for shelter amid explosions. The terrorists deliberately aimed their rocket attacks at civilian centers and have struck Israeli roads, homes, a factory, and even a kindergarten and a hospital.

35.    During this terrorist attack, the family of PINCHES MENACHEM PRZEWOZMAN experienced a day of anxiety, fear, trepidation, disbelief and worry as events quickly transpired and overwhelmed the family.  The family itself as a whole also feared for the life of PINCHES MENACHEM PRZEWOZMAN who they knew could be injured or killed in Ashdod.  PINCHES MENACHEM PRZEWOZMAN was walking with some friends in Ashdod when the sirens began suddenly warning of an incoming attack.  After the sirens went off,

---

[2] https://mfa.gov.il/MFA/ForeignPolicy/Terrorism/Pages/Weekend-of-rockets-over-Israel-5-May-2019.aspx

PINCHES MENACHEM PRZEWOZMAN who was outside, ran into a nearby building, taking shelter in the lobby.  Tragically, the building took a direct hit from a rocket attack.  He was hit by large pieces of shrapnel that pierced his heart and caused critical injuries.

36.    Emergency personnel from United Hatzalah treated PINCHES MENACHEM PRZEWOZMAN and rushed him to the hospital for further care.  At the time of transport, he was unconscious, and in traumatic arrest.  Unfortunately, he succumbed to his injuries and shortly passed away after arriving at the hospital.

## COUNT I

## <u>CLAIM OF PLAINTIFFS #1-11</u>
## <u>WRONGFUL DEATH</u>

(Under 28 U.S.C. § 1605A(c))

37.    Plaintiffs incorporate by reference the averments in the preceding paragraphs as though fully set forth at length.

38.    PINCHES MENACHEM PRZEWOZMAN who died as a result of the TERRORIST ATTACK on May 5, 2019, is survived by family members who are entitled to recover damages from all Defendants for his wrongful death.  These family members are entitled to damages resulting from the death of the Decedent caused by the actions of the Defendants.

39.    As a further result of intentional and reckless acts, omissions, and other tortious conduct of the Defendants, Plaintiffs have been caused to expend various sums to raise the estate of the Decedent and have incurred other expenses for which they are entitled to recover.

## COUNT II

### CLAIM OF PLAINTIFFS #1-11
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(under 28 U.S.C. § 1605A(c) and U.S. state common law)

40.     Plaintiffs incorporate herein by reference the averments contained in the preceding paragraphs as though fully set forth at length.

41.     All Defendants knew that the TERRORIST ATTACK would kill or injure innocents at their place of work, leaving family members to grieve for their losses.

42.     As a direct and intended consequence of the intentional and reckless actions of the Defendants, conduct that is intolerable in a civilized society, the Defendants substantially aided and abetted HAMAS and PIJ who carried out the attacks above alleged.  This in turn caused the Plaintiffs to suffer from severe mental distress, which has required continuing treatment, which will continue for the balance of the lives of the Plaintiffs, and they have thereby suffered damages.

43.     As a direct and proximate result of Defendants' conduct, the Plaintiffs have suffered and will forever in the future suffer severe and permanent emotional distress and anxiety, permanent psychological distress and permanent mental impairment.

44.     The conduct of all Defendants was undertaken in an intentional manner to murder or injure the Plaintiffs and to cause the contemporaneous and permanent emotional suffering of the heirs of the murdered decedent.

45.     Defendants by engaging in this unlawful conduct, recklessly and/or intentionally inflicted severe emotional distress upon the Plaintiffs.

## COUNT III

### CLAIM OF PLAINTIFFS #1-11
### LOSS OF CONSORTIUM

(Under 28 U.S.C. § 1605A(c), District of Columbia statutory or common law)

46.     Plaintiffs incorporate herein by reference the averments contained in the preceding paragraphs as though fully set forth at length.

47.     As a direct proximate result of the acts of Defendants, PINCHES MENACHEM PRZEWOZMAN was killed as a result of the TERRORIST ATTACK on May 5, 2019 by HAMAS and PIJ.

48.     As a direct proximate result of the acts of the Defendants, the Plaintiffs, were caused to sustain a loss of services, comfort, society, and attentions in the past and future and suffered a loss of consortium to the detriment of the family relationship and have suffered damages.

## COUNT IV

### CLAIM OF PLAINTIFFS #1-11
### AIDING AND ABETTING

(under 28 U.S.C. § 1605A(c) and US state common law)

49.     Plaintiffs incorporate herein by reference the averments contained in the preceding paragraphs as though fully set forth at length.

50.     Defendants did knowingly and willfully provide substantial assistance to the terrorists and the terrorist organizations of HAMAS and PIJ that willfully and deliberately committed the TERRORIST ATTACK on May 5, 2019.

51.     For the reasons stated above, and having aided and abetted the HAMAS and PIJ terrorist organizations which willfully and deliberately committed an act of terrorism which caused

the injuries and/or death of the decedent, all defendants are jointly and severally liable to Plaintiffs for all damages in this civil action.

## COUNT V

### CLAIM OF PLAINTIFFS #1-11
### CIVIL CONSPIRACY

(under 28 U.S.C. § 1605A(c) and US state common law)

52.     Plaintiffs incorporate herein by reference the averments contained in the preceding paragraphs as though fully set forth at length.

53.     As set forth more fully above, all Defendants, known and unknown, unlawfully, willfully and knowingly combined, conspired, confederated and agreed, tacitly and/or expressly, to kill, severely injure, and/or inflict personal injuries upon Plaintiffs.

54.     As set forth above, all Defendants conspired and agreed to provide material support and resources to the HAMAS and PIJ terrorist organizations in furtherance of their overall goal to kill or injure Israeli citizens and other persons present within the State of Israel.

55.     The Defendants' conspiracy resulted in the May 5, 2019 TERRORIST ATTACK that caused the death of PINCHES MENACHEM PRZEWOZMAN and/or inflicted personal injuries upon Plaintiffs.

56.     As a result of the Defendants' conspiracy, Plaintiffs suffered damages as fully set forth in the paragraphs above which are incorporated herein by reference.

## COUNT VI

## CLAIM OF PLAINTIFFS #1-11
## PUNITIVE DAMAGES

(under 28 U.S.C. § 1605A(c))

57.     Plaintiffs incorporate herein by reference the averments contained in the preceding paragraphs as though fully set forth at length.

58.     As set forth more fully above, all Defendants, known and unknown, unlawfully, willfully and knowingly combined, conspired, confederated and agreed, tacitly and/or expressly, to kill, severely injure, and/or inflict personal injuries upon Plaintiffs.

59.     As set forth above, all Defendants conspired and agreed to provide material support and resources to the HAMAS and PIJ terrorist organizations in furtherance of their overall goal to kill or injure Israeli citizens and other persons present within the State of Israel.

60.     The Defendants' conspiracy resulted in the May 5, 2019 TERRORIST ATTACK that caused the death of PINCHES MENACHEM PRZEWOZMAN and/or inflicted personal injuries upon Plaintiffs.

61.     Defendants' outrageous actions cannot be tolerated by a civilized society and deserves the harshest condemnation of our ordered legal system.

62.     As a result of the Defendants' conspiracy, Plaintiffs suffered damages as fully set forth in the paragraphs above which are incorporated herein by reference.

## DAMAGES

63.     As a direct and proximate result of the intentional, willful, reckless, and careless actions of the Defendants, Plaintiffs have suffered severe and permanent personal injuries, damages, and losses, including the following:

A.    the severe mental anguish suffered by Plaintiffs;

B.    the severe pain and suffering suffered by Plaintiffs;

C.    the inability of Plaintiffs to perform the usual household and personal activities that they normally would have performed through the remainder of their life expectancy;

D.    loss of decedent Plaintiff's earnings and future earning potential;

E.    loss of decedent Plaintiff's life pleasures;

F.    Economic damages, pain and suffering, and punitive damages under 28 U.S.C. § 1605A(c).

64.    The aforementioned personal injuries (physical and mental) and losses incurred by the Plaintiffs were caused by the intentional outrageous acts, recklessness, and carelessness of all Defendants, acting individually and in concert, as well as other co-conspirators not yet identified, and of their agents, servants and/or employees acting within and during the course and scope of their employment, authority, or apparent authority.

65.    These aggravating circumstances also justify the award of punitive damages to the non-US national Plaintiffs under the laws of the District of Columbia and Israel.

66.    Plaintiffs demand judgment in their favor in general damages against all Defendants, jointly, severally in an amount in excess of One Hundred Million Dollars ($100,000,000).

67.    Plaintiffs also request an award of interest, costs, and such other relief as this Honorable Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that the Court grant judgment in their favor and against the Defendants, jointly, severally on all Counts and grant to Plaintiffs: (1) Compensatory and punitive damages in favor of Plaintiffs and against Defendants jointly, severally in the amounts demanded in this Amended Complaint for Damages; (2) Prejudgment interest or other appropriate interest; (3) Costs and expenses; (4) Attorney's fees; and (5) Such other and further relief as this Honorable Court may determine to be just and appropriate under the circumstances.

Respectfully submitted this 9TH day of October, 2019.

/s/ Michael J. Miller_____
Michael J. Miller, Esq.
Bar No. 397689
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: 540-672-4224
Fax:  540-672-3055

/s/ Allen L. Rothenberg_____
Allen L. Rothenberg, Esq.
Bar No. 328088
Allen L. Rothenberg, P.C.
706 Salem Court
Yardley, PA 19067
Telephone: 866-239-3405

**ATTORNEYS FOR THE PLAINTIFFS**

−16−