UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAIM DOV PRZEWOZMAN, et al.,        )
                                     )
            Plaintiffs,              )
                  v.                 )   Civil Action No. 1:19-cv-02601
                                     )
THE ISLAMIC REPUBLIC OF IRAN,        )
THE IRANIAN MINISTRY OF              )
INFORMATION AND SECURITY, THE        )
ISLAMIC REVOLUTIONARY GUARD CORPS    )
                                     )
            Defendants.              )

### PLAINTIFFS' STATUS REPORT

Plaintiffs hereby file this Status Report setting forth a proposed course of action for the resolution of Plaintiffs' claims against the Islamic Republic of Iran and the other named Iranian Defendants.

**I.     Summary of Proceedings**

The Complaint on behalf of all Plaintiffs and against all Iranian Defendants was filed on August 28, 2019. On April 6, 2020, service was completed against the Defendants. The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a), provides for service over a foreign sovereign and its political subdivisions in one of four ways.  The first two mechanisms, by (1) "special arrangement for service between the plaintiff and the foreign state," and (2) "in accordance with an applicable international convention on service of judicial documents," were unavailable here.

As a result, Plaintiffs correctly attempted service under § 1608(a)'s third paragraph which requires attempted service "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form

1

of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). The Plaintiffs notified the Court that the mailing was returned as undeliverable on December 18, 2019.  Given that service could not be effected under the third paragraph of 1608(a), after the lapse of thirty (30) days, Plaintiffs served Defendants via diplomatic channels by the United States State Department pursuant to Section 1608(a)(4).  The Clerk transmitted the required papers to the State Department on December 23, 2019

On May 29, 2020, the State Department filed with the Clerk of the Court a letter attesting to the transmission of the required papers through diplomatic channels pursuant to 28 U.S.C. Section 1608(a)(4), and a certified copy of the diplomatic note attesting to the transmission of the required papers to the Foreign Minister of Iran on April 6, 2020.

Accordingly, the requirements for service on Defendant – Iran under Section 1608 of the Foreign Sovereign Immunities Act were satisfied.  Pursuant to 28 U.S.C. Section 1608(d), the Defendant had sixty (60) days after service was affected to answer or otherwise respond.  That time lapsed on June 5, 2020, at which time the Iranian Defendants failed to respond to the Amended Complaint or otherwise plead.

Plaintiffs' now submit this status report to recommend a procedure for resolving the pending claims against the Islamic Republic of Iran and all named Iranian Defendants.

**II.     Recommended Procedure for Resolving Plaintiffs' Claims Against Iran**

Iran has a long and established history of providing material aid and support to terrorist organizations including Hamas. *Steinberg v. Islamic Republic of Iran,* No. 17-cv-1910 (D.D.C. Nov. 15, 2019). Plaintiffs' recognize, however, that entry of default judgment is not automatic and that they must establish the linkage between a particular attack and the Iranian role in the

attack to the satisfaction of the Court. This "satisfactory" evidence standard can typically be met through "uncontroverted factual allegations" supported by "document and affidavit evidence." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010). In default judgment cases, plaintiffs may present this evidence in the form of affidavits. *Moradi*, 77 F. Supp. 3d at 65; *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211 (D.D.C. 2012*); Kim v. Democratic People's Republic of Korea*, 774 F. 3d at 1050 (relying on affidavits of plaintiffs experts in finding that evidence was satisfactory to the court). Further, courts may take judicial notice of evidence presented in earlier litigation without necessitating the formality of having that evidence reproduced. *Fain v. Islamic Republic of Iran*, 856 F. Supp. 2d 109, 116 (D.D.C. 2012).

Plaintiffs' will submit a motion for default judgment together with documentary evidence and an expert report establishing liability under 1605A for the attack at issue in this complaint against the Islamic Republic of Iran and all other named Iranian defendants.

Plaintiffs' would intend for their submitted evidence and comprehensive expert affidavit to meet the satisfactory evidence standard so that an evidentiary hearing would not be required. See *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 212 (finding that an evidentiary hearing is not required as a "plaintiff may establish proof by affidavit."); *Weinstein v. Islamic Republic of Iran,* 184 F.Supp.2d 13, 19 (D.D.C.2002). Of course, Plaintiffs' remain willing to schedule an evidentiary hearing on all, or any subset of the attack at issue in the Complaint if the Court is so inclined.

**III.  Schedule for Submission of Evidence**

Plaintiffs intend to submit sworn deposition testimony in support of their claims, including but not limited to proof as to decedent's U.S. citizenship as well the U.S. and/or Israeli

citizenship of the remaining Plaintiffs. Counsel has been unable to conduct depositions due to the ongoing Covid-19 pandemic which includes international travel restrictions and stay at home orders in Israel. Plaintiffs are working and making efforts to get these depositions completed and transcribed in a timely manner. Accordingly, plaintiffs will submit all evidence in support of their claims.

Respectfully submitted,

/s/ Michael J. Miller
Michael J. Miller, Esq.
D.C. Bar No. 397689
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224

**Attorney for Plaintiffs**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January 2021, a true and correct copy of the foregoing Plaintiffs' Status Report was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing on all counsel of record.

/s/ Michael J. Miller
Michael J. Miller, Esq.