UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHAIM DOV PRZEWOZMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:19-cv-02601 |
| | ) | |
| THE ISLAMIC REPUBLIC OF IRAN, | ) | |
| THE IRANIAN MINISTRY OF | ) | |
| INFORMATION AND SECURITY, THE | ) | |
| ISLAMIC REVOLUTIONARY GUARD CORPS | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' STATUS REPORT**

COMES NOW Plaintiffs, by and through counsel, and hereby file a Status Report pursuant to the Court's Minute Orders of January 15, 2021 and April 12, 2021. As detailed more fully below, Plaintiffs respectfully propose that they submit a motion for default judgment, with supporting evidence by June 18, 2021.

## I. INTRODUCTION

Plaintiffs filed the underlying action against the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Revolutionary Guards Corps  (collectively "Defendants") seeking damages for injuries suffered as a result of a May 5, 2019 terrorist attack carried out by Hamas and the Palestine Islamic Jihad (PIJ). [Dkt. 1; Complaint].  Over the weekend of May 4-5, 2019, Hamas and PIJ, with material support of Defendants, launched over 600 rockets and motars  into Israel from the Gaza Strip.  *Id*.  Pinches Przewozman, an American citizen, was killed after being struck with shrapnel caused from one of the rocket explosions. *Id*. The estate of Pinches Prezewosman, and his immediate family members,  bring this case against defendants pursuant ot 28 U.S.C. § 1605A, an exception to the Foreign Sovereign Immunities Act (FSIA)

allowing suit against foreign state sponsors of terror.v Defendants were properly served via diplomatic channels pursuant to 28 U.S.C. §1608(a)(4). [ECF No. 18].

"Federal Rule of Civil Procedure 55 sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment." *Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15, 28 (D.D.C. 2020). "First, after a defendant has failed to plead or otherwise defend against an action, the plaintiff may request that the clerk of the court enter default against that defendant. *See* Fed. R. Civ. P. 55(a). Second, following the clerk's entry of default, and where the plaintiff's claim is not for a sum certain, Rule 55(b)(2) permits the plaintiff to apply to the court for entry of default judgment. *Id.* 55(b)(2)." *Id*. at 28.

The Clerk of Court entered default against defendants on February 26, 2021. [ECF No. 21]. The next procedural step, therefore, will be for Plaintiffs' to apply to the Court for entry of default judgment.

## II.    PROCEDURE FOR DEFAULT JUDGMENT

"When default judgment is sought under the FSIA, a claimant must 'establish[ ] his claim or right to relief by evidence satisfactory to the court.' " *Warmbier v. Democratic People's Republic of Korea*, 356 F. Supp. 3d 30, 42 (D.D.C. 2018) (quoting 28 U.S.C. § 1608(e)).  The courts are given an "unusual degree of discretion over evidentiary rulings in a FSIA case against a defaulting state sponsor of terrorism." *Sotloff v. Syrian Arab Republic*, No. 18-CV-1625, 2021 WL 965882 at *7 (D.D.C. Mar. 15, 2021).  Default judgments under § 1608(e) may rely on the plaintiffs' affidavits and declarations and on public record evidence because so "long as the evidence itself is admissible" the uncontroverted evidence's "form or type is irrelevant ... as to whether [the plaintiffs] have satisfied their burden of production." *Doe v. Democratic People's*

*Republic of Korea*, 414 F. Supp. 3d 109, 120 (D.D.C. 2019); *quoting Owens v. Republic of Sudan*, 864 F.3d 751, 788–89.(2017).

### III.  STATUS REPORT RELATING TO DEFAULT JUDGMENT

In the last status report on January 15, 2021, Plaintiffs presented a recommended procedure for the submission of Plaintiffs' motion for the entry of default judgment against the Iranian defendants. [ECF No. 19]. In support of the motion for default judgment, Plaintiffs would submit documentary evidence, a comprehensive expert affidavit on liability and deposition testimony of the surviving family members of Pinches Przewozman.

Plaintiffs have compiled documentary evidence supporting Iran's support of Hamas prior to the May 2019 rocket attack. Additionally, Plaintiffs have obtained an expert Affidavit from Dr. Matthew Levitt[1], an international terrorism expert, who opines that: (1) Hamas was responsiblve for the 2019 rocket attack that killed Pinches Przewozman; (2) Iran provided material support and resources to Hamas  prior to the 2019 rocket attacks in Israel, including millions of dollars in funding; and (3) Iran's funding of Hamas was critical to Hamas' ability to carry out terrorist attacks, including the 2019 rocket attacks.

In the previous status report, counsel noted that the depositions of family members were not completed due to COVID-19 and international travel restrictions. [ECF 19 at 3-4]. Furthermore, limitations in plaintiffs' access to technology have precluded the use of remote video-depositions.[2]

---

[1]Dr. Levitt holds a Ph.D. in International Relations from The Fletcher School of Law and Diplomacy at Tufts University, and has been qualified as an expert on Iranian support of Hamas multiple times by courts in the district when considering motions for default judgment against a sovereign. *See Cohen v. Islamic Republic of Iran*, 238 F. Supp. 3d 71, 77 (D.D.C. 2017); *Cohen v. Islamic Republic of Iran,* 238 F. Supp. 3d 71 (D.D.C. 2017); *Force v. Islamic Republic of Iran*, 464 F.Supp. 3d 323 (D.D.C. 2020); *Braun v. Islamic Republic of Iran*, 228 F.Supp. 3d 64 (D.D.C. 2017).
[2] Plaintiffs' counsel has taken steps to coordinate efforts to complete depositions remotely.

In order to find defendants liable in this case, plaintiffs must establish that they meet the statutory requirements  under 28 U.S.C. § 1605(A), including the fact that the terrorist attack caused their  personal injury (or death). *See Spencer v. Islamic Republic of Iran*, 922 F. Supp.2d 108, (D.D.C. 2013)(denying motion for default judgment where pllaintiffs failed to submit evidence that they suffered personal injury or death caused by an attack).

Counsel has still not been able to complete the depositions of plaintiffs. The lack of testimony relating to plaintiffs' citizenship, the family members relation to Pinches Przewozman, and plaintiffs' injuries caused by the attack serve as a barrier to plaintiffs' obtaining default judgment against defendants. Plaintiffs initially hoped to submit all liability and damages evidence to the Court at the time of seeking default judgment. In light of the current circumstances, Plaintiffs now recommend that the Court first consider evidence in support of liability and , if the Court determines that defendants are liable, allow plaintiffs to supplement the record with additional evidence relating to an award of damages.

If the Court permits, at the time of filing their motion for default judgment, Plaintiffs' would submit sworn Affidavits sufficient to satisfy the requirements of 28 U.S.C. § 1605(A), in lieu of their sworn deposition testimony. This would allow Plaintiffs to submit evidence establishing liability prior to the completion of deposition transcripts. Plaintiffs would then supplement the record with the transcripts of Plaintiffs' depositions  in support of the damages phase.

**If approved by the Court, Plaintiffs' would be able to file their motion together with sworn affidavits, Dr. Levitt's expert report, and any documentary evidence in support of liability by no later than June 18, 2021.**  If depositions can be completed by this date, Plaintiffs' will submit the transcripts in support of their motion for default. If not, Plaintiffs' will supplement the record with deposition testimony as soon as possible, in further support of damages.

**CONCLUSION**

Plaintiffs propose that their motion for default judgment, and all evidence supporting

liability, be filed with the Court by June 18, 2021. If the Court finds that defendants are liable for

causing plaintiffs injuries, Plaintiffs would then submit any additional evidence in support of

damages by a date to be later determined by the Court.


Dated:    April 19, 2021

Respectfully submitted,

/s/ Michael J. Miller
Michael J. Miller, Esq.
Bar No. 397689
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: 540-672-4224
Fax:  540-672-3055

/s/ Allen L. Rothenberg
Allen L. Rothenberg, Esq.
Bar No. 328088
Allen L. Rothenberg, P.C.
706 Salem Court
Yardley, PA 19067
Telephone: 866-239-3405

**ATTORNEYS FOR THE PLAINTIFFS**