UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAIM DOV PRZEWOZMAN, et. al. )<br>)<br>    Plaintiffs, )<br>)<br>  v. )<br>)<br>THE ISLAMIC REPUBLIC OF IRAN, et. al. )<br>)<br>    Defendants. )<br>) | Civil Action No. 19-cv-02601 |

## DECLARATION IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT ISLAMIC REPUBLIC OF IRAN

I, David J. Dickens, hereby declare and certify under penalty of perjury, this 17th day of November 2023 that:

1. I am an attorney in The Miller Firm, LLC representing the plaintiffs in the above captioned matter. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this Declaration in support of Plaintiffs' Request for Entry of Default against Defendant Islamic Republic of Iran ("Iran") made pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

3. Iran is not amenable to service pursuant to 28 U.S.C. §1608(a)(1) or (2) because no special arrangement for service exists between the plaintiffs and Iran and because there is not applicable international convention on service of judicial documents upon Iran.

4. Plaintiffs attempted to serve Iran pursuant to 28 U.S.C. §1608(a)(3) by mail. See Clerk's Certificate of Mailing, ECF No.35, dated January 6, 2023. Iran rejected this attempt and,

1

therefore, because service by mail could not be effectuated within thirty (30) days, plaintiffs proceeded to effect service by diplomatic channels pursuant to 28 U.S.C. §1608(a)(4).

5.  Pursuant to 28 U.S.C. § 1608(a)(4), service to the Iranian Defendants can be effectuated by sending:

> [T]wo copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mailing requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services – and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

6.  Plaintiffs strictly adhered to the requirements of section § 1608(a)(4). (ECF No.'s 39, 41).

7.  Service was effectuated on Iran on August 28, 2023 when the U.S. Department of State, assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran, Iran, delivered the Service Documents to the Iranian Ministry of Foreign Affairs under cover of diplomatic note. ECF No. 42. Pursuant to § 1608(a)(4), service shall be deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note."

8.  Based on the foregoing, Plaintiffs filed an Affidavit of Service confirming service was effected on Iran. See Affidavit of Service, ECF No. 42.

9.  More than sixty (60) days have elapsed since service and Iran has not filed a responsive pleading or taken any other steps to defend this action since service was effectuated.

10. Based on the circumstances as set forth above and Fed. R. Civ. P. 55(a), which provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default", plaintiffs are entitled to entry of default against Iran.

11. The Clerk should now enter default against defendant Iran because: (1) Iran was obligated to serve an answer or other responsive pleading to the complaint within sixty days of service; (2) Iran was served on August 28, 2023; and (3) more than 60 days have elapsed since service, and Iran has not filed an answer, responsive pleading or otherwise taken any steps to defend this action.

12. The defendant is not a minor, infant, or an incompetent person. See Fed. R. Civ. P. 55(b)(1).

13. The defendant is not in military service. See 50 U.S.C. App. § 521(b)(1).

WHEREFORE, the Clerk is requested to enter a Default against the Islamic Republic of Iran pursuant to Fed. R. Civ. P. 55(a).

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: November 17, 2023

Respectfully submitted,

/s/ David J. Dickens
David J. Dickens, Esq.
D.C. Bar No. 1003499
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224
Email: ddickens@millerfirmllc.com

*Attorney for Plaintiffs*